ALICE STAFFORD v. DAVID DRAPER WOOD, LEWIS M. CONN, TEXTILE WORKERS UNION OF AMERICA, CIO, JOHN P. CHAVIS, AND KENNETH E. BRYSON.

(Filed 12 December, 1951.)

**1. Courts § 2—**

A court must observe the limits of its own authority, and stay or dismiss a legal proceeding of its own motion in case it lacks power to try the cause.

**2. Associations §§ 1, 5—**

At common law, an unincorporated association is but a body of individuals acting together, and has no legal entity or existence independent of its members, and therefore may not take, hold, or transfer property, or sue or be sued.

**3. Associations § 5—**

Under the provisions of G.S. 1-97 (6) any unincorporated association, including an unincorporated labor union, whether resident or nonresident,

which does business in North Carolina by performing any of the acts for which it was formed, is subject to suit as a separate legal entity, and may be served with process in the manner prescribed by the statute.

**4. Same: Process § 8d—**

A finding that a foreign, unincorporated labor union had an affiliated local union in a county of this State, without any finding as to the connection between the nonresident union and the resident local union, is insufficient to sustain the conclusion that the nonresident union was doing business in this State by performing acts for which it was formed so as to justify the service of process on it under G.S.. 1-97 (6).

**5. Same—**

Service of process on a foreign unincorporated labor union by service on an individual named its "agent" is a nullity, since it is not accordant with the manner prescribed by statute for service of process upon such association.

SEPARATE appeals by defendants, the Textile Workers Union of America, CIO, and David Draper Wood, from *Crisp, Special Judge,* at the February Term, 1951, of RICHMOND.

Civil action for tort heard upon the special appearance of the defendant, the Textile Workers Union of America, CIO, and the demurrer of the defendant, David Draper Wood.

For convenience of narration, the defendants, Kenneth E. Bryson, John P. Chavis, and David Draper Wood, are hereinafter called by their respective surnames, and the defendant, the Textile Workers Union of America, CIO, is hereinafter designated as the Textile Workers Union.

This civil action grows out of a collision between a motor truck owned by Bryson and operated by Chavis, and a passenger automobile driven by Wood, which occurred upon a public highway in Richmond County, North Carolina, 13 August, 1949. The plaintiff, Alice Stafford, who was a guest in the passenger automobile, sues Bryson, Chavis, Wood, and the Textile Workers Union for damages for personal injury suffered by her in the collision. She filed a complaint averring in specific detail that the collision was proximately caused by the concurrent negligence of Chavis and Wood in the operation of the motor vehicles in their charge; and that their concurrent negligence is imputable to Bryson, the alleged employer of Chavis, and the Textile Workers Union, the alleged employer of Wood, under the doctrine of *respondeat superior.*

The summons, the complaint, and the other proceedings in the court below disclose that the Textile Workers Union is an unincorporated labor union, having its principal office in New York City, New York. Summons for it was issued to Richmond and Wake Counties. The Sheriff of Richmond County made return that he served the summons directed to him "by delivering a copy of the summons and a copy of the complaint

to . . . Joel Layton, agent" of the Textile Workers Union, and the Sheriff of Wake County made return that he served the summons directed to him "by delivering a copy of the summons and a copy of the complaint to . . . Hon. Thad Eure, Secretary of State for the State of North Carolina," as process agent of the Textile Workers Union.

The Textile Workers Union, through counsel, entered a special appearance and moved to dismiss the action as to it for want of jurisdiction, .alleging in detail that it had not been brought into court by any proper service.

Upon the hearing on the special appearance, the trial judge found these facts: That the Textile Workers Union had an affiliated local union in Richmond County, North Carolina, on the date this action was instituted; that the Textile Workers Union had not appointed a resident process agent in this State; that the Sheriff of Wake County had served the summons directed to him upon the Secretary of State as recited in his return; and that the Secretary of State had forwarded the copy of the summons and the copy of the complaint to the last known address of the Textile Workers Union. He concluded as matters of law that the Textile Workers Union was doing business in North Carolina within the purview of G.S. 1-97 (6) because it "had an affiliated local union in Richmond County"; that the Secretary of State was the lawful process agent of the Textile Workers Union under G.S. 1-97 (6) because it had failed to appoint a resident process agent of its own selection; and that the service of summons on the Secretary of State was binding on the Textile Workers Union. The Judge thereupon denied the motion to dismiss lodged by the Textile Workers Union on its special appearance, and the Textile Workers Union appealed, assigning the conclusions of law and ruling of the judge as error.

Wood demurred in writing to the complaint, asserting that it does not state facts sufficient to constitute a cause of action against him. The judge overruled the demurrer, and Wood appealed, assigning that ruling as error.

*Pittman & Webb and McNeill Watkins for plaintiff, appellee.*

*Robert S. Cahoon for the defendants, David Draper Wood and the Textile Workers Union, appellants.*

ERVIN, J. It appears on the face of the record that the Textile Workers Union is an unincorporated labor union. In consequence, we necessarily consider at the outset whether this organization is such a being as can be subjected to the jurisdiction of the court. *Jinkins v. Carraway,* 187 N.C. 405, 121 S.E. 657. In the very nature of things, a court must observe the limits of its own authority, and stay or dismiss a legal pro-

ceeding of its own motion in case it lacks power to try the cause. *Hender-son County v. Smyth,* 216 N.C. 421, 5 S.E. 2d 136; *Miller v. Roberts,* 212 N.C. 126, 193 S.E. 386; *Nelson v. Relief Department,* 147 N.C. 103, 60 S.E. 724.

An unincorporated association is merely a body of individuals acting together, without a corporate charter, but upon the methods and forms used by incorporated bodies, for the prosecution of some common enterprise. *Hecht v. Malley,* 265 U.S. 144, 44 S. Ct. 462, 68 L. Ed. 949. At common law such an association is not an entity, and has no existence independent of its members. This being true, an unincorporated association has no capacity at common law to contract, or to take, hold, or transfer property, or to sue or be sued. *Lodge v. Benevolent Asso.,* 231 N.C. 522, 58 S.E. 2d 109. In short, the common law regards an unincorporated association as an "airy nothing," or a "non-existent legal ghost," no matter how powerful it may be in reality. *Lodge v. Benevolent Asso., supra; Nelson v. Relief Department, supra.* The common law view that an unincorporated association does not exist as a legal entity and can neither sue nor be sued still prevails in this State, except to the extent it has been altered by statute. *Ionic Lodge v. Masons,* 232 N.C. 648, 62 S.E. 2d 73, and 232 N.C. 252, 59 S.E. 2d 829.

The common law rule that an unincorporated association cannot be sued was applied to unincorporated labor unions in these cases: *Hallman v. Union,* 219 N.C. 798, 15 S.E. 2d 361; *Citizens Co. v. Typographical Union,* 187 N.C. 42, 121 S.E. 31; *Tucker v. Eatough,* 186 N.C. 505, 120 S.E. 57.

Subsequent to the rendition of these decisions, the Legislature enacted chapter 278 of the 1943 Session Laws, which is now embodied in G.S. 1-97 (6) and reads as follows:

"Any unincorporated association or organization, whether resident or nonresident, desiring to do business in this State by performing any of the acts for which it was formed, shall, before any such acts are performed, appoint an agent in this State upon whom all processes and precepts may be served, and certify to the clerk of the Superior Court of each county in which said association or organization desires to perform any of the acts for which it was organized the name and address of such process agent. If said unincorporated association or organization shall fail to appoint the process agent pursuant to this subsection, all precepts and processes may be served upon the Secretary of State of the State of North Carolina. Upon such service, the Secretary of State shall forward a copy of the process or precept to the last known address of such unincorporated association or organization. Service upon the process agent appointed pursuant to this subsection or upon the Secretary of State, if no process agent is appointed, shall be legal and binding on said associa-

tion or organization, and any judgment recovered in any action commenced by service of process, as provided in this subsection, shall be valid and may be collected out of any real or personal property belonging to the association or organization. Any such unincorporated association or organization, now performing any of the acts for which it was formed, shall, within thirty days from the ratification of this subsection, appoint an agent upon whom processes and precepts may be served, as provided in this subsection, and in the absence of such appointment, processes and precepts may be served upon the Secretary of State, as provided in this subsection. Upon such service, the Secretary of State shall forward a copy of the process or precept to the last known address of such unincorporated association or organization."

This statute clearly manifests the legislative intent to make all unincorporated associations or organizations doing business in North Carolina legally accountable as separate entities for acts done by them in furtherance of the objects for which they are formed.

When the statute is read aright, it does these things: (1) It provides that any unincorporated association or organization, whether resident or nonresident, which is doing business in North Carolina by performing any of the acts for which it is formed, is subject to suit as a separate legal entity; and (2) it prescribes the manner in which service of process is to be made upon such association or organization when it is so sued. It necessarily follows that an unincorporated labor union, whether resident or nonresident, which is doing business in this State by performing any of the acts for which it is formed, is suable as a separate legal entity.

Notwithstanding our decision as to the suability of unincorporated labor unions, we are compelled to hold on the present record that the court below erred in denying the motion of the Textile Workers Union lodged on its special appearance for a dismissal of the action as to it for want of jurisdiction over it. Under G.S. 1-97 (6), the service of process upon the Secretary of State is not binding on an unincorporated association or organization unless it is doing business in North Carolina by performing acts for which it is formed. There is no factual foundation for the legal conclusions and ruling that the Textile Workers Union has been brought before the court by a proper service of process in this action. The underlying finding that the Textile Workers Union had an affiliated local union in Richmond County, North Carolina, on the date this action was instituted merely indicates an undefined connection between the nonresident Textile Workers Union and the resident local union. 2 C.J.S. 988. It does not show, however, that the Textile Workers Union is doing business in North Carolina by performing acts for which it is formed. *Radio Station v. Eitel-McCullough*, 232 N.C. 287, 59 S.E. 2d 779. The court below properly paid no heed to the supposed service of process upon

"Joel Layton, agent." Such attempted service was unavailing, for it ignored the statutory provision relating to service upon unincorporated associations or organizations. *Medlin v. Ebenezer Methodist Church*, 132 S.C. 498, 129 S.E. 830; *International Brotherhood of Boilermakers, Iron Shipbuilders, Welders and Helpers of America v. Wood*, 162 Va. 517, 175 S.E. 45.

We pretermit an analysis of the allegations which the complaint levels at the defendant Wood. That pleading was ample to withstand his demurrer.

Error on the appeal of the defendant, Textile Workers Union of America.

Affirmed on the appeal of the defendant, David Draper Wood.