JOHNNY YOUNGBLOOD v. THELMA BRIGHT, INTERNATIONAL LADIES GARMENT WORKERS UNION, AND NICK BONANO.

(Filed 29 February, 1956.)

**1. Appearance § 2a—**

A voluntary appearance whereby a defendant obtains an extension of time in which to plead, is a general appearance.

**2. Appearance § 2b—**

A general appearance waives any irregularity in or lack of service of process.

**3. Same—**

The Act of 1951 (G.S. 1-134.1) has no application where objection to the jurisdiction of the court is not made until after a defendant has applied for and obtained an extension of time in which to plead.

**4. Associations § 5—**

The common law rule that unincorporated associations, including labor unions, have no existence separate and distinct from their members and cannot sue or be sued as a legal entity, obtains in this State except as modified by statute.

**5. Same: Process § 11—**

An unincorporated labor union is subject to suit under G.S. 1-97(6) by service on the Secretary of State, only if it is doing business in this State in the sense of performing in this State the acts for which it is formed.

**6. Associations § 5—**

Chapter 545, Session Laws of 1955, has no application to actions commenced prior to its effective date.

**7. Same—**

Upon demurrer of defendant unincorporated labor union challenging the jurisdiction of the court on the ground that the union was not subject to suit as a separate entity under G.S. 1-97(6), the court must consider evidence and find the facts as to whether the union was doing business in this State within the meaning of the statute, and when the lower court has not done so, the cause will be remanded.

**8. Appeal and Error § 50—**

When it appears that an order was entered under a misapprehension of the applicable law, the order will be set aside and the cause remanded.

APPEAL by defendant International Ladies Garment Workers Union from *Nettles, J.,* Regular August, 1955, Term, of BUNCOMBE.

Civil action to recover damages for alleged tortious conduct.

Summons (First Summons), directed to the Sheriff of Buncombe County, was issued 10 June, 1955. This summons was duly served 10 June, 1955, by delivery of a copy thereof and of the complaint to defendants Bright and Bonano. Another summons (Second Summons), directed to the Sheriff of Wake County, for service on defendant Union, was issued 20 June, 1955. This summons was served 21 June, 1955, on the Secretary of State, as process agent for defendant Union, by delivering to him a copy thereof and of the complaint.

Defendants International Ladies Garment Workers Union and Bonano, through counsel, before the expiration of the statutory time therefor, made joint application for an extension of time in which to file answer, demurrer or otherwise plead. Thereupon, the clerk signed an order extending the time for pleading to 29 July, 1955. No date appears on this application or on this order.

Defendant Bright, through *separate* counsel, made like but separate application; and the clerk made a like but separate order of extension as to her. Her application and the order entered thereon bear date of 1 July, 1955.

On 29 July, 1955, defendant Union, through the same counsel by whom it had applied for and obtained the order of extension, filed a pleading, now quoted verbatim:

"Now COMES the International Ladies Garment Workers Union, an unincorporated association, and appears specially and for the sole and limited purpose of entering this demurrer only.

"The defendant enters a special demurrer to the plaintiff's complaint in the above entitled action and, as grounds therefor, respectfully shows unto the Court:

"1. The defendant is a labor union, an unincorporated association, and has its official and legal residence in New York, New York.

"2. This Court has no jurisdiction of the person of the defendant.

"3. This Court has not acquired and does not now have jurisdiction of the person of the defendant in that it appears affirmatively from the complaint and process that the defendant is an unincorporated association, a labor organization, without legal capacity to be sued, and that there has not been adequate or legally sufficient service of process upon defendant in this action.

"4. The purported service of process upon the defendant in this proceeding violates the Fourteenth Amendment to the Constitution of the United States.

"5. Nick Bonanno, upon whom purported service process was attempted, was not at the time of such attempted service, and is not now, an agent appointed by defendant upon whom process may be served as to the defendant.

"6. Hon. Thad Eure, Secretary of State of North Carolina, upon whom purported service of process was attempted, was not at the time of such attempted service, and is not now, an agent of the defendant upon whom valid service of process as to the defendant can or could be made in the manner attempted.

"7. The use of summons as attempted, in the purported service of the defendant through service of process upon the Secretary of State of North Carolina is not authorized by law, and is not legally sufficient to give this Court jurisdiction of the person of the defendant.

"WHEREFORE, for the reasons stated above, the defendant prays that this special demurrer be sustained and that this proceeding be dismissed as to the International Ladies Garment Workers Union at plaintiff's cost."

Upon hearing thereon, 20 August, 1955, the court overruled the "special demurrer" and allowed defendant Union 30 days from that date in which to file answer or other pleadings. Defendant Union excepted to this order and appealed therefrom; and the only assignments of error are directed to the making and signing of such order.

*Williams & Williams and William C. Morris, Jr., for plaintiff, appellee.*

*Cahoon & Alston for defendant, appellant.*

BOBBITT, J.   A voluntary appearance whereby a defendant obtains an extension of time in which to plead, is a general appearance. *Wilson v. Thaggard,* and *Stone v. Thaggard,* 225 N.C. 348, 34 S.E. 2d 140, and cases cited.   "A general appearance waives any defects in the jurisdiction of the court for want of valid summons or of proper service thereof." *Winborne, J.,* in *In re Blalock,* 233 N.C. 493, 504, 64 S.E. 2d 848.   Defendant Union, by its general appearance, has waived any irregularity in or lack of service of process.

True, the Act of 1951 (ch. 245, Session Laws of 1951), now codified as G.S. 1-134.1, provides that other motions or pleadings presented *simultaneously* with the objection that the court has no jurisdiction over the person or property of the defendant shall not operate as a waiver of such objection; but the proviso in this statute explicitly declares "that the making of *any motion* or the filing of answer *prior* to the presentation of such objection *shall* waive it."   (Italics added.) Defendant Union interposed no objection to the jurisdiction of the court until *after* it had applied for and had obtained an extension of time in which to plead.

It is apparent that the order of the court below was predicated solely on the ground that the general appearance by defendant Union dispensed with the necessity for service in compliance with the *method* prescribed by the Act of 1943 (ch. 478, Session Laws of 1943), now codified as G.S. 1-97(6).   In so ruling, the court was correct.   However, this alone was not determinative.   The "special demurrer" of defendant Union, as indicated by appellee's brief, was treated solely as a demurrer to the court's jurisdiction "over its person."   This pleading, in addition, challenged the jurisdiction of the court on the ground that defendant Union was not subject to suit as a separate entity under G.S. 1-97(6). No evidence was considered or offered, and no findings of fact were made, bearing on this question.

Appellant is an unincorporated labor union.   The pleadings so declare.   At common law, an unincorporated association, having no existence separate and distinct from its members, cannot sue or be sued as a legal entity.   This rule of the common law has been applied to unincorporated labor unions.   *Tucker v. Eatough,* 186 N.C. 505, 120 S.E. 57; *Citizens Co. v. Typographical Union,* 187 N.C. 42, 121 S.E. 31; *Hallman v. Union,* 219 N.C. 798, 15 S.E. 2d 361.

Except as modified by statute, the common law rule prevails.   *Ionic Lodge v. Masons,* 232 N.C. 648, 62 S.E. 2d 73, where petition to rehear

(232 N.C. 252, 59 S.E. 2d 829) was allowed; *Stafford v. Wood,* 234 N.C. 622, 68 S.E. 2d 268.

The question now posed is whether the status of defendant Union is such that it was subject to suit under the provisions of G.S. 1-97(6). The method of service prescribed by this statute is applicable only to an unincorporated association that is subject to suit under the terms thereof. As interpreted in *Stafford v. Wood, supra,* this statute does not modify the common law rule so as to authorize a suit against an unincorporated labor union *unless* it is doing business in North Carolina in the sense of performing in this State the acts for which it is formed.

The Act of 1955 (ch. 545, Session Laws of 1955), "in full force and effect from and after July 1, 1955," explicitly provides that unincorporated associations *"may hereafter sue or be sued* under the name by which they are commonly known and called, or under which they are doing business, to the same extent as any other legal entity established by law and without naming any of the individual members composing it." (Italics added.) It has no application to actions such as this, commenced prior to its effective date.

It was necessary to decision that the court consider evidence and find the facts as to whether defendant Union was doing business in North Carolina by performing acts in this State for which it was formed. Whether the facts alleged in the verified complaint, as to the presence and activities of defendant Union in North Carolina, if found to be true, would constitute doing business in this State within the meaning of G.S. 1-97(6), is a question not now before us.

It appears that the order was entered under a misapprehension of the law as to this feature of the case. *Merrell v. Jenkins,* 242 N.C. 636, 89 S.E. 2d 242; *Morris v. Wilkins,* 241 N.C. 507, 85 S.E. 2d 892. Hence, the order will be set aside and the cause remanded for further hearing in accordance with this opinion. It is so ordered. Upon further hearing, the pleading of defendant Union may be treated as a motion to dismiss for lack of jurisdiction, on the ground that defendant Union was not subject to suit as a separate entity under G.S. 1-97(6).

Error and remanded.