<hr />

GUY M. BEATY, MRS. GUY M. BEATY, GUY M. BEATY, JR., MILDRED BEATY, ROY W. BEATY, AND J. WILLIAM BARNETTE, PATRNERS DOING BUSINESS AS GUY M. BEATY & COMPANY. v. INTERNATIONAL ASSOCIATION OF HEAT & FROST INSULATORS & ASBESTOS WORKERS, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, UNITED ASSOCIATION OF PLUMBERS & STEAMFITTERS, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, INTERNATIONAL HOD CARRIERS & LABORERS UNION, G. G. RAY COMPANY, A CORPORATION, AND J. A. JONES CONSTRUCTION COMPANY, A CORPORATION.

(Filed 9 April, 1958)

1. **Appeal and Error § 38: Associations § 5: Constitutional Law § 24: Process § 11—**

G.S. 1-97(6), permitting service of process on unincorporated associations by service on the Secretary of State, is constitutional and meets the requirements of due process, and *held* further, assertion to the contrary was abandoned by reason of the failure to advance any argument in support thereof. Rule of Practice in the Supreme Court No. 28.

2. **Appeal and Error § 49—**

Findings of fact of the trial court are conclusive on appeal when supported by evidence.

3. **Associations § 5: Constitutional Law § 24: Process § 11—**

The constitutions and bylaws of defendant nonresident labor unions, introduced in evidence, together with affidavits of witnesses, *held* sufficient to support the court's findings that defendant unions exercised such control and supervision over their local unions operating in this State in

furtherance of the objectives of the defendant unions as to constitute doing business in this State by defendant unions in performing in this State the acts or some of the acts for which they were formed, and judgment that defendant unions were subject to service of process under G.S. 1-97(6), is affirmed.

APPEAL by defendant unions from *Moore (Dan K.), J.,* December 9, 1957 Civil Term of MECKLENBURG.

Plaintiffs seek damages for the asserted wrongful acts of defendants. The complaint alleges in substance that defendant G. G. Ray Company, subcontractor for J. A. Jones Construction Company, in July 1956 contracted with plaintiffs to install all insulation for the heating and air conditioning work on a project known as West Gate Shopping Center near Asheville, then under construction by Jones Construction Company; that defendants other than the corporate defendants, are unincorporated labor organizations or unions engaged in North Carolina in representing employees and collecting dues therefor; that plaintiffs' employees directed to perform the work contracted for with Ray Company were not members of and did not pay dues to any of the defendant unions and were unwilling to become members of the defendant unions; shortly after plaintiffs began work pursuant to the contract with Ray Company, defendant unions threatened a strike which would halt substantially all work on the entire West Gate Shopping Center project; that said strike was threatened by defendant unions to coerce and compel the corporate defendants to demand and require plaintiffs' employees against their will to join and pay dues to defendant unions and to prohibit any except members of defendant unions from working on said project; that corporate defendants succumbed to the pressure and coercion so exerted and, to avert the strike so threatened, terminated and prohibited plaintiffs from performing their contract with Ray Company.

Summons for defendant unions issued on 19 December 1956. Service was had on the Secretary of State who promptly mailed a copy of the summons and a copy of the complaint duly verified to the general headquarters of each of the defendant unions at its regular office in Washington, D. C.

Each union filed a motion dated 18 January 1957 to dismiss the action for lack of service of process. The motions recognized that service was made pursuant to the provisions of G.S. 1-97(6). Each motion avers: ". . . that the service of process on it, pursuant to the provisions of said Statute, is ineffectual for the purpose of bringing it into Court, for the reason that said International Association is not engaged in doing business in North Carolina nor engaged in the performance of any of the acts for which it is organized within the State of North Carolina." The motions also assert that G.S. 1-97(6) violates

the due process clause of the Fourteenth Amendment to the Constitution of the United States.

Copies of the constitutions and bylaws of defendant unions and affidavits by officials of defendant unions and by former members were filed with the court. The court, after considering the evidence submitted, made findings of fact. On the facts found it concluded that defendants were amenable to process in North Carolina. Defendant unions excepted to the findings of fact made by the court, to the refusal of the court to make findings requested by them, to the order overruling their motions, and appealed.

*Blakeney & Alexander and Ernest W. Machen, Jr., for plaintiff, appellees.*

*Robert G. Sanders and J. C. Sedberry, for defendant, appellants.*

RODMAN, J. Based on the evidence which the parties submitted, the court found these facts:

"(1) That each of said defendant Unions has established and now maintains subordinate local units in this State, called Local Unions.

"(2) That the provisions of the Constitutions and By-Laws of the said defendant Unions indicating the nature and organizational structure of the defendant Unions and defining the connections between said Unions and their local units are as set forth in the affidavits filed by the plaintiffs, including the exhibits attached thereto.

"(3) That each of the defendant Unions had and exercises complete dominion and control over the activities of its local units and through such units performs in this State the purposes and objects for which each defendant Union was formed.

"(4) That each defendant Union is, and at all times material to this action, has been engaged in supervising and directing the activities of its agents, and local units in the State of North Carolina, which activities include the making of contracts with employers in North Carolina, and dealing with employers relative to wages, hours and working conditions of their employees who are members of said Unions in North Carolina.

"(5) That each of the defendant Unions is, and at all times material hereto has been, engaged in collecting money, through its local units, in the form of initiation fees, dues and assessments from its members in North Carolina, and in general, guiding, controlling, directing and supervising the activities and actions of its agents and local units in the State of North Carolina."

The motions assert that our statute, G.S. 1-97(6), permitting service of process on the Secretary of State as process agent for unincorporated associations does not accord with the constitutional requirement of

due process and is therefore void. No argument is advanced in support of this assertion, perhaps because controlling decisions so effectually dispose of the assertion. *McGee v. International Life Ins. Co.*, 355 U.S. 220, 2 L ed. 2d 223, 78 S Ct. 199; *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L ed. 95, 66 S Ct. 154, 161 A.L.R. 1057; *Hess v. Pawloski*, 274 US 352, 71 L ed. 1091; *Lunceford v. Association*, 190 N.C. 314, 129 S.E. 805. Under our Rule 28, this position is deemed abandoned.

This leaves for consideration two questions: (1) Is there any evidence to support the court's findings, and (2) Do the findings support the judgment?

As noted in the findings of fact, copies of the constitutions and bylaws of the various Internationals were filed with the court. It is apparent from these constitutions and bylaws that each of the Internationals seeks to accomplish the same objects. For that reason it will suffice, without unduly lengthening this opinion, to refer to some of the provisions in the constitution of the International Association of Heat and Frost Insulators and Asbestos Workers, the first named defendant. The preamble to the constitution declares the object of the International Association "shall be to assist its membership in securing employment, to defend their rights and advance their interests as working men. . . ." The constitution provides the International "shall have supreme ruling authority and supervision over all its affiliated Local Unions." It is granted legislative, executive, and judicial power. Applicants for membership shall subscribe to a form provided by the International. All persons except employers, inspectors, or foremen who work in the practical installation or erection of insulating materials are eligible for membership. Applications for membership must be made in duplicate with one copy going to the local and one to the general office of the International, "for investigation, registration, and issuance of membership book designating therein member's proper classification." An applicant cannot be accepted by the local union without the consent of the International, and must be a member of the local to be a member of the International. The president of the International "shall preside at Local Union meetings when he so decides. He shall be the official Business Representative and Chief Organizer of the International Association. He shall be an ex-officio member of all Local Union Committees and Boards. He shall have authority to audit Local Union finances and to suspend Local Union officers and appoint their successors pending hearing by General Executive Board or Convention." A bookkeeping system is furnished local unions by the International. Locals are forbidden to use any other system. Organizers appointed by the International president "shall organize unorganized Asbestos Workers into Local Unions under International

law and perform such other duties as are assigned them by the General Office." The International prescribes the minimum initiation fee for membership in a local and the percentage thereof going to the International. Members "in good standing" receive an International official receipt itemizing all the monies paid by them to the local union. Suspended members "shall not attend Local meetings *nor work with the tools.* (Emphasis supplied) Suspended members seeking reinstatement shall meet all Local Union requirements and in addition shall pay a reinstatement fee of Ten Dollars ($10.00), which fee shall be payable to the General Office." "Local Unions are *subordinate* branches of the International Association and as such can be reorganized, suspended or disbanded with charter revocation *by action of the General* Executive Board or Convention." "Local Unions as *subordinate* branches of the International Association can only exercise local autonomy in matters upon which the International Constitution and By-Laws are silent." "Local Unions must prohibit contracting, subcontracting, lump work, or piece work in our trade under penalty of charter revocation." The form of the bargaining agreement is prescribed by the International and cannot be modified or changed by the local without the assent of the International.

In addition to the constitutions the court had affidavits from former union members. A former member of the first-named defendant swore: ". . . this Union supervises and directs the activities of its agents, representatives, organizers and Local Unions in the State of North Carolina, in the making of contracts with employers in North Carolina, in dealing with employers relative to the wages, hours and working conditions of their employees who are members of this Union in North Carolina. . . ." Affidavits containing substantially similar factual statements were made with respect to the other union defendants. These affidavits may have been regarded by the court as having particular significance when examined in the light of the affidavit of Edward F. Carlough, general secretary-treasurer of the Sheet Metal Workers. His affidavit states: "The International is not a labor union in the sense that it represents members for purposes of collective bargaining with their employers for their wages, hours, and conditions of employment. The International is the policy-making, rule-making, and administrative body, but there are smaller unincorporated associations, known as local unions, which have voluntarily affiliated with the International." Prohibition of the right of nonunion artisans to labor in the construction of West Gate Shopping Center may have been regarded, by the International unions, as a matter of policy. Each of the International unions filed an affidavit by one of its principal officers. Perhaps the court took note of the fact that neither the Asbestos Workers nor the Sheet Metal Workers denied the tortious conduct charged to them

in the verified complaint. The affidavit filed on behalf of the Electrical Workers establishes that it is a party to one collective bargaining agreement touching the work of its members in North Carolina, and that it is presently appealing the results of an election held under the Federal Labor-Management Relations Act of 1947 arising with respect to employment in North Carolina.

There is, we think plenary evidence to support the findings of fact made by the court; and the facts found, supported as they are by the evidence, are conclusive on appeal. *Ewing v. Thompson*, 233 N.C. 564, 65 S.E. 2d 17; *Bangle v. Webb*, 220 N.C. 423, 17 S.E. 2d 613; *Schoenith v. Mfg. Co.*, 220 N.C. 390, 17 S.E. 2d 350.

The facts found show that defendants are performing in this State the acts or some of the acts for which they were formed. This is all the statute requires. This essential fact was not found to exist in the cases of *Youngblood v. Bright*, 243 N.C. 599, 91 S.E. 2d 559, and *Stafford v. Wood*, 234 N.C. 622, 68 S.E. 2d 268.

The facts found would suffice in a suit against a nonresident corporation to establish that it was doing business in this State and hence amenable to service of process here. *Harrington v. Steel Products*, 244 N.C. 675, 94 S.E. 2d 803; *Harrison v. Corley*, 226 N.C. 184, 37 S.E. 2d 489; *Highway Com. v. Transportation Corp.*, 225 N.C. 198, 34 S.E. 2d 78; *Ruark v. Trust Co.*, 206 N.C. 564, 174 S.E. 441; *Lunceford v. Association, supra*; *Bankers' Holding Corp. v. Maybury*, 275 P 740, 75 A. L.R 1237; *Steinway v. Majestic Amusement Co.*, 179 F 2d 681, 18 A. L.R. 2d 179, and annotations 198; *American Cities Power & Light Corp. v. Williams*, 74 NYS 2d 374; *Industrial Research Corp. v. General Motors Corporation*, 29 F 2d 623; *Mas v. Orange-Crush Co.*, 99 F 2d 675.

International unions with charter provisions similar to the ones here considered have, through their control and dominance of local unions, been held, in well-considered cases in other States, to be doing business in places other than the place of their residence. *Edgar v. Southern Ry. Co.*, 49 S.E. 2d 841 (S.C.); *Spica v. International Ladies Garment Wkrs.' Union*, 130 A 2d 468 (Pa.); *International Union of Op. Eng. v. J. A. Jones Const. Co.*, 240 S.W. 2d 49 (Ky.); *Oil Workers Internat'l Union v. Superior Court*, 230 P 2d 71 (Cal.).

This case does not present the question as to who is an appropriate process agent and hence the sufficiency of service on an officer of a local union to bring the International into court. The cases cited by appellants in support of that proposition are not here pertinent.

Affirmed.