DAN W. MARTIN, J. RALPH PIGG, GEORGE W. GAINEY, RAY K. PIGG, ORIE M. VALENTINE, JUNIOUS HAYWOOD, JAMES H. LOLLIS, NEWLAND D. LATTIMORE, PAUL L. TEEM, NATHAN O. ANDREWS, WILLIAM FRED EVITT, HAROLD D. MILLER, WAYNE M. BARNES, THERON A. WOFFORD, HARRY B. CHASE, O. K. TOWELL, HISURE D. DARNELL, WRISTON L. DEESE, JAMES H. LEWIS, SR., HERSHELL H. DARNELL, ERNEST E. CLEMONS, JOE SCHLAGEUHAUF, JAMES A. LIMBAUGH, PHILLIP C. WRIGHT, HENRY A. REED, HARRY B. UPRIGHT, RICHARD H. KELLY, HARRY K. CRESS v. LOCAL 71, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL-CIO, A. L. GUNTER, AND EDWARD HARGETT.

(Filed 21 May, 1958.)

**1. Associations § 5—**

At common law unincorporated labor unions, having no existence separate and distinct from its members, cannot sue or be sued as a legal entity.

**2. Same:    Process § 7½—**

An unincorporated labor union doing business in North Carolina by performing acts for which it was formed can sue and be sued as a separate legal entity in the courts of this State, and may be served with process in the manner prescribed by statute.    G.S. 1-69.1, G.S. 1-97(6).

**3. Process § 7½—**

Where an unincorporated labor union makes a special appearance and moves to dismiss on the ground of want of valid service, the court, upon request, should hear the evidence, find the facts and decide whether or not the defendant is doing business in this State by performing any of the acts for which it was formed and had failed to appoint an agent upon whom due process could be served, and upon an adjudication that the service of summons under G.S. 1-97(6) was valid, without finding the facts, the cause must be remanded.

**4. Appeal and Error §§.6, 55—**

Where, on appeal from order overruling defendant's motion to dismiss on the ground of want of valid service on defendant labor union and order overruling demurrer of defendant labor union and individual officers, who were personally served, the cause is remanded for proper adjudication of the motion to dismiss, the questions of law raised by the demurrer and the question whether a temporary restraining order was properly issued in the cause, will not be determined, since if it should be decided upon the further hearing in the lower court that the union had not been properly served with process, the other questions would be moot.

APPEAL by defendant from *Pless, J.,* 26 August 1957 Term of MECKLENBURG.

Action by plaintiffs, who are owner-operators of their equipment in the employment of Akers Motor Lines, Inc., and are members of, and represented by, the defendant Union as their exclusive bargaining

representative under the National Labor Relations Act, to restrain the defendant Union, and its agents, from enforcing the seniority provisions of a collective bargaining agreement entered into by and between the Akers Motor Lines, Inc., and the defendant Union for its members, which contract allegedly takes away from plaintiffs their seniority rights as employees of the Akers Motor Lines, Inc.

On 19 August 1957 the plaintiffs had the clerk of the Superior Court of Mecklenburg County to issue in this action a summons addressed to the sheriff of that county commanding him to serve it upon Local Union 71, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO; A. L. Gunter and Edward Hargett, the defendants named in the action. The sheriff made his return on the same day showing that he had served the summons upon the defendants A. L. Gunter and Edward Hargett, and delivered to them copies of the summons and the complaint.

On the same date the plaintiffs had the Clerk of the Superior Court of Mecklenburg County to issue a summons addressed to the Sheriff of Wake County for service upon the Secretary of State of North Carolina, who in the summons is designated "statutory process agent" of the defendant Local Union. The Sheriff of Wake County, as shown by his return on the summons, served it on the Secretary of State of North Carolina on 20 August 1957 by leaving with him copies of the summons, the complaint and an order to show cause.

On 19 August 1957 J. B. Craven, Jr. Judge presiding over a term of Superior Court in Mecklenburg County, issued an order to show cause, based upon the complaint filed herein, commanding the defendants to appear before Judge Dan K. Moore at the Mecklenburg County Courthouse at 10:00 a. m. on 26 August 1957, and show cause, if any they could, why a temporary injunction should not be issued against the defendants, restraining them, among other things, from carrying out the present provisions of the collective bargaining contract between the defendant Local Union and the Akers Motor Lines, Inc., insofar as it adversely effects any seniority right of the plaintiffs.

On 26 August 1957 the defendant Local Union made a special appearance by its counsel before Judge Pless presiding over the 26 August 1957 Term of Mecklenburg County Superior Court, and moved that the action against it be dismissed on the ground that no service of process had been made upon it, and the court had acquired no jurisdiction over it, and that Judge Pless find the facts upon which he based his ruling on the motion to dismiss.

In an order dated the same day, though apparently rendered 30 September 1957, Judge Pless denied the motion to dismiss. In denying it, he found no facts, and there is nothing in the record to show that he heard any evidence, or that the parties offered any evidence, ex-

cept that there is in the record the complaint, and the summons above referred to, and except the order of Judge Pless issuing a temporary injunction against the defendants, until the further orders of the court. Judge Pless' order issuing the temporary injunction states that the matter came on to be heard upon Judge Craven's order to show cause, and then his order states: "and being heard, and it appearing to the undersigned, and being found as facts, that the defendants have been properly served with process, that the defendants are present and before the court." This order is dated 26 August 1957, though it appears from the record that with the consent of all parties the court reserved its rulings, and entered the order out of term on 30 September 1957.

It seems from the record that with the consent of the parties, Judge Pless rendered all his rulings on 30 September 1957, and out of the term, though all bear date 26 August 1957.

On 29 October 1957 the Secretary of State of North Carolina made a certificate to the effect that on 21 August 1957, he forwarded copies of the summons, complaint, and order to show cause served upon him to the defendant Local Union at 5100 North Tryon Street, Charlotte, North Carolina, its last known address, and that his letter to it containing the copies of the papers served upon him has not been returned to him, though his return address was upon the envelope.

On the day that the Local Union made its motion to dismiss the action against it, all the defendants filed a demurrer to the complaint upon three grounds: one, the court has no jurisdiction of the subject of the action, two, there is a defect of parties defendant, three, the complaint does not state facts sufficient to constitute a cause of action. On the same day that Judge Pless entered an order denying the Local Union's motion to dismiss the action against it, he incorporated in the same order a ruling overruling the demurrer.

From the order denying its motion to dismiss the action against it, the Local Union appeals. From the order overruling the demurrer to the complaint, and from the order issuing a temporary injunction, all the defendants appeal.

*Pierce, Wardlow, Knox & Caudle for Plaintiffs, Appellees.*
*Robert S. Cahoon for Defendants, Appellants.*

PARKER, J.  It seems apparent that all of Judge Pless' orders and decrees, though dated 26 August 1957, by consent of the parties were signed by him on 30 September 1957 out of term. The record states that the first notice of these decrees and orders had by any of the defendants was when defendants' counsel received on 2 October 1957 a letter from plaintiffs' counsel enclosing copies of these decrees and

orders. Judge Pless signed the defendants' exceptions and appeal entries on 9 October 1957.

The Local Union assigns as errors the refusal of Judge Pless to dismiss the action against it for the reason that no service of process has been had upon it, and it is not before the court, and that Judge Pless did not find the facts in respect to the motion.

The complaint alleges that the Local Union is an unincorporated labor union, which represents employees and collects dues therefor in the State, with its principal office and place of business in Mecklenburg County, and that A. L. Gunter and Edward Hargett are officers and agents of it, and residents of the State.

At common law unincorporated labor unions, having no existence separate and distinct from its members, cannot sue or be sued as a legal entity. *Stafford v. Wood,* 234 N.C. 622, 68 S.E. 2d 268.

An unincorporated labor union doing business in North Carolina by performing acts for which it was formed can sue and be sued as a separate legal entity in the courts of this State, and may be served with process in the manner prescribed by statute. G.S. 1-69.1; G.S. 1-97(6); *Construction Co. v. Electrical Workers Union,* 246 N.C. 481, 98 S.E. 2d 852; *Stafford v. Wood, supra.*

The Local Union in making its motion to dismiss the action against it, asked the court to find the facts upon which it based its ruling on the motion. Judge Pless found no facts on this motion to dismiss, and thereby committed error.

This Court said in *Youngblood v. Bright,* 243 N.C. 599, 91 S.E. 2d 559, in respect to whether an unincorporated labor union is subject to suit under the provisions of G.S. 1-97(6); "It was necessary to decision that the court consider evidence and find the facts as to whether defendant Union was doing business in North Carolina by performing acts in this State for which it was formed. Whether the facts alleged in the verified complaint, as to the presence and activities of defendant Union in North Carolina, if found to be true, would constitute doing business in this State within the meaning of G.S. 1-97(6), is a question not now before us."

There is nothing in the record to show that the Local Union, if doing business in this State by performing any of the acts for which it was formed, has failed to appoint an agent upon whom process can be served. It is ordered that the order denying the defendant Union's motion to dismiss the action against it be vacated, and the motion to dismiss is remanded for further hearing, so that the court below can hear evidence, find the facts, and decide as to whether or not the defendant Union has been properly served with process, and is or is not subject to suit as a legal entity under the provisions of G.S. 1-97(6).

*Construction Co. v. Electrical Workers Union, supra,* relied upon by

plaintiff is distinguishable. From evidence introduced in the case, and from defendant's joint answer introduced in evidence in the case, it clearly appears that the defendant Local Union is an unincorporated labor union, which is doing business in North Carolina by performing acts for which it was formed.

If upon a further hearing the court below should decide that the defendant Union has not been properly served with process, or is not subject to suit as a legal entity, the questions of law raised by its demurrer to the complaint, and the question as to whether a temporary injunction should be issued against it, its officers and agents, are moot questions. This Court said in *Poore v. Poore,* 201 N.C. 791, 161 S.E. 532: "It is no part of the function of the courts, in the exercise of the judicial power vested in them by the Constitution, to give advisory opinions, or to answer moot questions, or to maintain a legal bureau for those who may chance to be interested, for the time being, in the pursuit of some academic matter." Therefore, the order overruling the defendant Union's demurrer and the temporary restraining order issued against it, its officers and agents, are vacated.

The defendants A. L. Gunter and Edward Hargett were properly served with process. They have made no motion to dismiss the action against them. They assign as error the overruling of their demurrer—which is a joint demurrer with the defendant Union—to the complaint, and they further assign as error the order temporarily restraining them and the defendant Union.

These are the only references to the defendants Gunter and Hargett in the complaint: They are officers and agents of the defendant Union and residents of the State. The temporary restraining order does not mention their names. There is nothing in the record to show what offices they hold in the Union, and nothing to show what acts, if any, they have done in respect to the matters and things alleged in the complaint. As they have been made parties apparently only because they are alleged to be officers and agents of the defendant Union, we deem it proper to vacate also the order overruling their demurrer and the temporary injunction against them as agents of the defendant Union.

If upon a further hearing it should be determined, after the court hears the evidence and finds the facts, that the defendant Union has been properly served with process, and is subject to suit as a legal entity under the provisions of G.S. 1-97(6), then the demurrer to the complaint and the order to show cause against it, its officers and agents will not present moot questions, and can properly be adjudicated by the court below.

Error and Remanded.