CHARLES L. MELTON v. EDGAR A. HILL; FRED O'DANIEL; TORRENCE EDGAR CORRELL; TRUCK DRIVERS UNION, AFL No. 71, ALSO KNOWN AS AND BEING DRIVERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS, LOCAL No. 71, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS OF AMERICA, AN UNINCORPORATED ASSOCIATION; AND INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN, AND HELPERS, OF AMERICA OF WASHINGTON, D. C., AN UNINCORPORATED ASSOCIATION.

(Filed 4 November, 1959.)

1. Associations § 5:   Process § 11—

   G.S. 1-97(1) applies exclusively to service of process in actions against corporations, and service of process on a nonresident labor union by service in this State upon an individual not appointed a process agent of the union is ineffectual.

2. Associations § 5—

   An unincorporated association, at common law, could not sue or be sued as a legal entity, but the common law in this respect has been modified by G.S. 1-97(6) and G.S. 1-69.1.

3. Associations § 5:   Process § 11—

   G.S. 1-69.1 makes no provision for the service of process on an unincorporated association but provides solely that such association may sue or be sued in its common name and that execution against it should bind its real and personal property in like manner as if it were incorporated, and the provisions of G.S. 1-97(6) as to service on unincorporated associations applies alike to resident and nonresident associations.

**4. Same—**

 G.S. 1-97(6) authorizes service of process on the Secretary of State only if defendant unincorporated association fails to appoint a process agent and fails to certify the name and address of such process agent as prescribed therein, but the statute does not require that such association file with the Secretary of State the name and address of its process agent in this State, and, therefore, a ruling based on the assumption that the statute requires such association to file such information with the Secretary of State is made upon a misapprehension of the applicable law, necessitating a remand of the cause.

HIGGINS, J., not sitting.

APPEAL by defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, from *Craven, Special Judge,* December 1, 1958 Special ·Civil Term, of MECKLENBURG.

Plaintiff instituted this action against the three individuals and the two unincorporated associations named in the caption to recover damages for personal injuries allegedly caused by wilful and malicious assault.

The individual defendants were duly served with process and have appeared generally herein. They are not parties to this appeal.

Each of the two unincorporated associations, under special appearance, moved to dismiss the action as to it "because this Court does not have jurisdiction of the person of said defendant, there having been no lawful service of lawful process upon said defendant, and any other person served not being a process agent of the defendant"; and each defendant requested the court "to find the facts upon which the Court bases its ruling as to it upon this motion, and also to rule upon its constitutional rights under the Due Process Clause of the Fourteenth Amendment of the U. S. Constitution herein raised."

The motion of defendant Truck Drivers Union, AFL #71, *etc.,* was allowed; and the action, as to this defendant, was dismissed. (Note: As to this defendant, the only process was a summons issued February 6, 1958, by the Clerk of Superior Court of Mecklenburg County, addressed to the sheriff of said county, served February 7, 1958, according to the sheriff's return, "by delivering a copy of the within summons and a copy of the complaint to each of the following defendants: Edgar A. Hill, Sec. & Treas. AFL #71.")

The court, based upon findings of fact and upon the legal conclusion that there had been "lawful service of lawful process" upon defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, entered an order denying the motion of this defendant, and providing that this defendant "shall have 30 days from the date of this Order in which to further plead as pro-

vided by law." Appellant excepted, with particularity, to each finding of fact and conclusion of law, and appealed, under G.S.1-134.1, from this order.

*Robert Cahoon for defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, appellant. No counsel contra.*

BOBBITT, J., Plaintiff alleged: ". . . the defendant International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, of Washington, D. C., is an unincorporated association of the type commonly referred to as an international labor union . . ."

Two summonses, for service on appellant, were issued February 6, 1958, by the Clerk of the Superior Court of Mecklenburg County, one addressed to the Sheriff of Mecklenburg County and the other addressed to the Sheriff of Wake County. The Mecklenburg summons was served February 11, 1958, according to the sheriff's return, "by delivering a copy of the within summons and a copy of the complaint to each of the following defendants: A. L. Gunther, Trustee or Agent for the collection of money for International Brotherhood of Teamsters." The Wake summons was served February 10, 1958, according to the sheriff's return, "by leaving two copies of the within summons, two copies of the complaint, together with the fee of $1.00, in the hands of Thad Eure, Secretary of State of North Carolina, process agent for the defendants, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America of Washington, D. C."

The court's findings of fact include the following:

"6. That at the time the Summons herein was served upon A. L. Gunter, the said A. L. Gunter had been duly appointed Trustee of said Local #71 by said International Brotherhood under the provisions of said Constitution and that said A. L. Gunter, as Trustee, was in complete control and supervision of all the assets and affairs of said Local #71 as the agent and representative of the defendant International Brotherhood.

" . . .

"9. That each of said defendant unincorporated associations, at all times material hereto, was thus performing in this State the acts or some of the acts for which they were formed.

"10. That defendant International Brotherhood unincorporated association had not appointed a process agent in the State of North Carolina on or before February 10, 1958.

"11. That service of summons was made upon the Secretary of State of North Carolina as process agent for the defendant International Brotherhood on February 10, 1958, and that at that time said International Brotherhood was the only governing agency of said Local #71, said Local #71 being incapable of self-government because under the trusteeship of A. L. Gunter as set forth above."

The finding of fact that appellant had not appointed a process agent in the State of North Carolina on or before February 10, 1958, negatives any inference that it had appointed Gunter as such process agent. As to the service of the Mecklenburg summons on Gunter, see *Stafford v. Wood,* 234 N.C. 622, 68 S.E. 2d 268. It is noted that G.S. 1-97(1) applies exclusively to service of process in actions *against corporations.*

The record indicates that Judge Craven's order was based on the service of process on the Secretary of State.

An unincorporated association, at common law, could not sue or be sued as a legal entity. *Youngblood v. Bright,* 243 N.C. 599, 91 S.E. 2d 559, and cases cited. The pertinent statutory modifications of this common law rule are G.S. 1-97(6) and G.S. 1-69.1.

In *Stafford v. Wood, supra,* this Court, referring to G.S. 1-97(6), said: "(1) It provides that any unincorporated association or organization, whether resident or nonresident, which is doing business in North Carolina by performing any of the acts for which it is formed, is subject to suit as a separate legal entity; and (2) it prescribes the manner in which service of process is to be made upon such association or organization when it is so sued."

In *Stafford v. Wood, supra,* and *Youngblood v. Bright, supra,* orders denying motions to dismiss, made under special appearance, were held erroneous in the absence of evidence and findings of fact relevant to whether the defendant (unincorporated) labor union was doing business in North Carolina by performing in this State any of the acts for which it was formed. These cases were commenced prior to the effective date (July 1, 1955) of Chapter 545, Session Laws of 1955, now G.S. 1-69.1.

G.S. 1-69.1 provides, in pertinent part, that unincorporated associations, foreign or domestic, "may hereafter sue or be sued under the name by which they are commonly known and called, or under which they are doing business, to the same extent as any other legal entity established by law and without naming any of the individual members composing it. Any judgments and executions against any

such association, organization or society shall bind its real and personal property in like manner as if it were incorporated."

No provision of G.S. 1-69.1 purports to prescribe the manner in which service of process is to be made on such unincorporated association. The only statute prescribing the manner in which such service may be made is G.S. 1-97(6).

In *Construction Co. v. Electrical Workers Union*, 246 N.C. 481, 98 S.E. 2d 852, the court, after hearing evidence relevant thereto, denied the "motion to dismiss and special demurrer" made, under special appearance, by the defendant (unincorporated) labor unions. This Court held: ". . . in the absence of a request that findings of fact be made, 'it is presumed that the Judge, upon proper evidence, found facts to support his judgment.' *Holcomb v. Holcomb*, 192 N.C. 504, 135 S.E. 287." It is noted: There was evidence that defendant had failed to appoint any process agent. The defendant had its headquarters in Forsyth County, North Carolina. Pending decision, the records of Forsyth County were searched; and it was determined that defendant had not designated any person as process agent.

In *Martin v. Brotherhood*, 248 N.C. 409, 103 S.E. 2d 462, the defendant (unincorporated) labor union, under special appearance, moved to dismiss the action against it and asked the court to find the facts upon which it based its ruling on the motion. The court "found no facts on this motion to dismiss, and thereby committed error."

While references to G.S. 1-97(6) appear in our decisions, this Court has not passed upon the question now presented, *viz.*:

Where a nonresident unincorporated association is doing business in this State by performing in this State any of the acts for which it is formed or organized, does G.S. 1-97(6) authorize service of process on it by service thereof on the Secretary of State on proof that such association has not filed *with the Secretary of State* the name and address of the process agent in this State whom it has appointed and upon whom all processes against it may be served?

G.S. 1-97(6), in pertinent part, provides: "6. Any unincorporated association or organization, whether resident or nonresident, desiring to do business in this State by performing any of the acts for which it was formed, shall, before any such acts are performed, appoint an agent in this State upon whom all processes and precepts may be served, and certify to the clerk of the superior court of each county in which said association or organization desires to perform any of the acts for which it was organized the name and address of such process agent. If said unincorporated association or organization shall fail

MELTON v. HILL.

to appoint the process agent pursuant to this subsection, all precepts and processes may be served upon the Secretary of State of the State of North Carolina. Upon such service, the Secretary of State shall forward a copy of the process or precept to the last known address of such unincorporated association or organization. Service upon the process agent appointed pursuant to this subsection or upon the Secretary of State, if no process agent is appointed, shall be legal and binding on said association or organization, and any judgment recovered in any action commenced by service of process, as provided in this subsection, shall be valid and may be collected out of any real or personal property belonging to the association or organization."

G.S. 1-97(6) applies, without distinction, to both resident and nonresident unincorporated associations. It authorizes service of process on the Secretary of State if such unincorporated association fails to appoint a process agent or fails to certify the name and address of such process agent as prescribed therein. If it complies with the statutory requirements, service of process against it must be made on its designated process agent. It complies with the statutory requirements if and when (1) it appoints an agent in this State upon whom all processes and precepts against it may be served and (2) certifies to the clerk of the superior court of each county in which it performs any of the acts for which it is organized the name and address of such process agent.

As to whether appellant had complied with the said requirements of G.S. 1-97(6), the only evidence is a certificate of the Honorable Thad Eure, Secretary of State. He certified: ". . . upon an inspection of the records of my office, I find no record of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America having appointed a process agent in the State of North Carolina as of February 10, 1958."

No provision of G.S. 1-97(6) requires such unincorporated association to certify the name and address of such process agent to the Secretary of State or to file any notice of any kind in the office of the Secretary of State.

While appellee makes no appearance in this Court, by brief or otherwise, it is noted that the Wake summons recites that service thereof is to be made on the Secretary of State "as provided by G.S. 1-69.1, G.S. 55-144, and G.S. 55-146." G.S. 55-144 and G.S. 55-146 apply exclusively to foreign corporations. Whether analogous statutes, applicable to nonresident unincorporated associations, should be enacted, is for legislative determination.

The evidence does not disclose whether appellant failed to certify

to the clerk of the superior court in any county in which it performed any of the acts for which it was organized the name and address of a process agent appointed by it. Apparently, no inquiry was made as to this material fact. Rather, our impression is that the court's ruling was based upon the view that the failure of appellant to certify to or file with the Secretary of State the name and address of such process agent constituted a sufficient basis for service of process on the Secretary of State. Hence, the court acted under a misapprehension of the law as to this feature of the case. *Youngblood v. Bright, supra,* and cases cited.

For the error indicated, the order denying appellant's motion to dismiss is vacated; and, in the circumstances, it is deemed appropriate that the cause be remanded for a hearing *de novo* on appellant's said motion. It is so ordered. Hence, we do not pass upon appellant's exceptions to findings of fact bearing upon whether appellant, at all times material, was performing in this State the acts or some of the acts for which it was formed.

Error and remanded.

HIGGINS, J., not sitting.