CLARK, C. J., concurring in opinion.
This is an action to recover damages for slander against two defendants, who are husband and wife and living together.
The jury returned the following verdict:
"1. Did the defendant, Sarah Newsome speak of and concerning the plaintiff, M. L. Young, the words in substance, as alleged in the complaint? Answer: `Yes.'
"2. If so, what amount of compensatory damage is the plaintiff entitled to recover of the defendants, Sarah Newsome and J. W. Newsome? Answer: `Six hundred and fifty dollars ($650).'"
His Honor held that the husband was liable on the verdict for the tort of his wife, and entered judgment accordingly, and the defendants excepted and appealed.
At common law the husband was liable for the tort of his wife, although committed without his knowledge or consent and in his absence, and although living separate at the time, on the ground that "as her legal existence was incorporated in that of her husband, she *Page 316 
could not be sued alone, and if the husband was protected from responsibility the injured party would be without redress." Roberts v.Lisenbee, 86 N.C. 136.
This principle was modified by the act of 1871-2 (Rev., 2105), so that the husband could only be held liable for torts committed while the husband was living with the wife, the statute providing that, "Every husband living with his wife shall be jointly liable with her for all damages accruing from any tort committed by her."
This statute has not been amended or repealed, and since its enactment it has been held that "a husband is liable for slanderous words spoken by his wife in his absence and without his knowledge or consent." Presnell v.Moore, 120 N.C. 390.
In the Roberts case the doctrine of the liability of the husband was adhered to notwithstanding the courtesy act of 1848, the provisions of the Constitution of 1868 vesting in her the separate estate, the marriage act of 1871-2, and other statutes, giving her many of the rights of a femesole, all of which were considered, and the Martin Act of 1911, ch. 109, allowing her to contract in certain cases as if unmarried, and the act of 1913, ch. 13, giving to a married woman her personal earnings and any damages sustained by her for personal injuries, with the right to sue alone, simply add additional rights without changing the principle.
These later statutes do not purport to change or modify the earlier statute, fixing liability on the husband, and as all may well stand together, and are certainly not irreconcilable, it cannot be held that they operate as a repeal by implication.
No error.