PHILOUS E. TUCKER v. HENRY EATOUGH, INDIVIDUALLY AND AS AGENT
FOR THE UNITED STATES TEXTILE WORKERS OF AMERICA, AN
UNINCORPORATED ASSOCIATION.

(Filed 21 November, 1923.)

1. **Actions—Defenses—Unincorporated Societies—Process—Principal and Agent—Slander—Corporations—Statutes—Pleadings—Demurrer.**

An unincorporated association or society has no legal entity at common law, and there is none conferred by statute, for liability for libel of an alleged agent, and when it appears that the summons in the action had only been served on one as agent for such society, the court will dismiss the action when the complaint itself shows want of jurisdiction, *ex mero motu.* Nor can a written demurrer to this want of jurisdiction confer it on the courts: *Held further*, the service would not have been sufficient upon a corporation under the facts of this case. C. S., sec. 483 (1).

2. **Same—Class Representation.**

Our statute permitting the joinder of parties and recognizing representation by common interests, C. S., sec. 457, cannot have application to an attempted suit against an unincorporated society, when no individual has been made a party defendant, or appears to defend the action in behalf of himself or other member of the society.

APPEAL by plaintiff from *Harding, J.,* overruling a demurrer, 16 August, 1923, from MECKLENBURG.

This action was begun 11 May, 1923, by the issuance of summons against "Henry Eatough, individually, and as agent and organizer of and representing the members of the United Textile Workers of America, an unincorporated association," but when the complaint was filed it disclosed that the purpose of the action was to sue the United Textile Workers of America and said Henry Eatough for $10,000 damages for an alleged libel issued by him.

It appears from the complaint of the plaintiff, as well as in the summons, that the United Textile Workers of America is an unincorporated association and service was made on Eatough alone.

The case coming on to be heard before Harding, J., upon the complaint and demurrer, the court "being of the opinion upon the pleadings filed that the defendant, United Textile Workers of America, is not properly before the court, the demurrer is sustained," and the plaintiff excepts.

*William L. Marshall for plaintiff.*
*J. Frank Flowers for defendant.*

CLARK, C. J. In the summons, the sheriff was commanded "to summon Henry Eatough and Henry Eatough as agent and organizer of and

representing the members of the United Textile Workers of America, an unincorporated association, defendants in the above action." If the "United Textile Workers of America" had been a corporation the service would have been invalid, C. S., 483 (1), and the action should have been dismissed as to them by the judge *ex mero motu*. As the summons recites that they are unincorporated, for a still stronger reason the summons should have been dismissed. In either event the action of the judge would have been·correct.

The United Textile Workers of America did not appear and could not for they had no legal or actual existence, and there was and could be no service on any one as to them. The demurrer by whomsoever filed was not and could not be an acknowledgment of service by any one, and the court could act *ex mero motu* upon the allegation of the plaintiff in the summons and in the complaint that the party attempted to be sued was unincorporated, and the return of the sheriff that there had been no service upon any one except Henry Eatough.

The complaint avers that Henry Eatough issued a printed circular that was libelous and reflected on the plaintiff, and that as he was the agent of the said unincorporated association, said association is responsible without naming any of them or service on any of them, and asks for $10,000 damages out of said Henry Eatough and said unincorporated association, and naming no one, and service being had on no one except said Henry Eatough.

It has been held by our Court that unincorporated associations cannot be sued in the manner attempted in this case, and it has been held by various other courts also that voluntary unincorporated associations have no separate legal existence; that they cannot make contracts or be sued as an association except through the individuals who compose its membership.

It has been held in some of the equity courts of this country that where some of the members of an unorganized body have been made parties that proceedings will lie against them, but this rule is only applicable in those courts after sundry members have been made parties, and in this case none of the members of the alleged United Textile Workers of America have been made parties, and even the equitable doctrine of virtual representation adopted by the chancery courts in some other jurisdictions cannot apply.

In this State, our statute does not even go to that extent, C. S., 457, which merely provides for the joinder of parties as follows: "When the question is one of a common or general interest of many persons, or where the parties are so numerous that it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all," but that is merely permissive to them and clearly does not apply

to the circumstances of this case. Here Eatough is sued as an individual and as agent of the United Textile Workers. No member of the union is in court or even named as a defendant. Eatough alone is sued, first as an individual and second as alleged "agent or organizer of the union," but it is not even alleged that he is a member, and, on the contrary, the complaint avers that the union is composed of a large number of individuals who are not incorporated. It does not appear that any one is authorized to represent them.

In *Abbott v. Hancock,* 123 N. C., 99; *Sullivan v. Field,* 118 N. C., 358, and *Winders v. Southerland,* 174 N. C., 235, cited by the plaintiff, it was held that a demurrer does not lie for superfluous parties, but this does not dispense with the requirement that before a party named as defendant can be proceeded against, it must be served with summons and possess legal capacity to be sued.

In *Kerr v. Hicks,* 154 N. C., 268, it is said: "A voluntary association has no existence or power except as contained in its formal articles of agreement or established by custom acquiesced in by the parties to it." The complaint in this case shows plainly that the action was brought against the association, and in this State only natural or artificial persons can be brought into court upon summons. The defendant, United Textile Workers of America, not being incorporated, is without capacity to sue or be sued, and the court properly dismissed the action *ex mero motu.*

In *Nelson v. Relief Department,* 147 N. C., 104, the matter is discussed fully, and the Court said that it appeared that the alleged defendant was neither incorporated nor a legal entity, adding that even a State department like the Insane Asylum, or the Board of Education, or the State's Prison, though created by statute, had no power to sue and are immune from liability to suit except when the statute creating them especially granted the permission to sue or be sued, and said that the alleged "Relief department is not a natural person. It is not a corporate body. It has no legal entity. It is, in the eye of the law, an 'airy nothing.' It has no power to contract. Any contract made in its name would be the contract of the individual assuming to act for it or the contract of the railroad company whose 'agency' it was. A judgment against the 'relief department' would have nothing to act on. The sheriff could find no one upon whom to levy his execution. It would glide from his grasp as the shade of Creusa eluding the embrace of Eneas.

> "Tenuesque recessit in auras.
> Ter frustra comprensa effugit imago.
> Par levibus ventis volucrique simillima somno."
>                          Virg. Eneid II, v. 791 et seq.

It was also said in that case that there being a defect of jurisdiction, the court should have dismissed the action *ex mero motu.* "The position of the plaintiff was no better than if the summons had been served on an infant in an action on contract."

The subject has also been discussed in *Ball-Thrash · v. McCormick,* 162 N. C., 475; *Brewer v. Abernathy,* 159 N. C., 285; *Kochs v. Jackson,* 156 N. C., 328. In all of these cases it was held that a proper method of taking advantage of the defect in parties on the ground of incapacity to be sued is by a written demurrer when the defect appears on the face of the record, as is the case here, or by answer when the incapacity to be sued does not appear.

It is true that if a defendant named in a summons or an action, who has the capacity to sue or be sued, appears therein for any purpose, except where his appearance is properly restricted to the purpose for which a special appearance can be entered, his appearance cures any irregularity in the method and detail of service, and by his appearance, if he has the legal capacity to be sued, he waives the question of venue. But that is not the case here, for the reason that the demurrer is based upon the want of legal capacity to sue or be sued.

The only party in this case was Henry Eatough, and the language of the summons could not bring the United Textile Workers of America in as defendant even if that association was a legal entity.

Among other cases, in the *Coronado Coal case,* 259 U. S., 344, *Chief Justice Taft* uses the following language: "Undoubtedly at common law an unincorporated association of persons was not recognized as having any other character than a partnership in whatever was done, and it could only sue or be sued in the names of its members, and their liability had to be enforced against each member." In the famous *Taff-Vale case,* in which an unincorporated labor union was held to be suable, this was placed solely upon the ground that Parliament had passed the Trade Union Act of 1871, which permitted trade unions to be registered, and gave to registered unions the power to own property and to act by agents. This is cited and explained by *Judge Taft* in the *Coronado Coal decision, supra.*

In North Carolina there is no legislation thus changing the common law, and the Legislature has not authorized, but has refused to authorize these unincorporated associations to take and hold property in their association name. In the *Coronado case* it is said by *Chief Justice Taft:* "There is no principle better settled than that an unincorporated association cannot, in the absence of a statute authorizing it, be sued in the association or company name, but all the members must be made parties, since such bodies, in the absence of statute, have no legal entity distinct from that of its members. 5 C. J., 1369; 20 R. C. L., 672, and many other cases.

MOTOR CO. *v.* REEP.

If an action could be brought against Eatough, it certainly could not be served upon Eatough alleging that he is agent for the United Textile Workers of America, but it must be served upon some officer of the corporation designated by statute for that purpose. This alone would sustain the action of Judge Harding.

But upon the broader ground, if contrary to common law, an action could be brought without authority of a statute against an unincorporated body, it would be permissible for any person to bring an action against the Confederate Veterans Association, or the American Legion, or the League of Women Voters, or any other unorganized body upon an allegation that one of their members had committed the libel or other legal wrong against the person bringing the action. It certainly cannot be necessary to discuss further the proposition that the United Textile Workers of America not being a legal entity, and there being no statute authorizing them to be sued, that the action was properly dismissed as to them.

The defendant, Eatough, is liable for any libel that he may be proven to have issued, and any individuals or corporations who aided and abetted him in issuing a libel can be made parties defendant, but not an unincorporated body of men.

Affirmed.