IONIC LODGE #72 F. & A. A. M. v. IONIC LODGE FREE ANCIENT & ACCEPTED MASONS #72 COMPANY, W. S. SCALES AND GEORGE W. HARRIS.

(Filed 22 November, 1950.)

**1. Associations § 5: Common Law—**

The common law rule that a unincorporated association has no legal entity and can neither sue nor be sued in its own name obtains in this State except to the extent it has been modified by statute. G.S. 4-1.

**2. Parties § 1—**

An action must be prosecuted in the name of the real party in interest. G.S. 1-57, G.S. 1-68.

**3. Associations § 5—**

The common law rule that an association is without power to sue in its common name has been modified by statute in this State only to the extent of permitting an association to sue in its common name in an action concerning a certificate or policy of insurance issued by it, and in other cases permitting one or more members of an association to sue for the benefit of all when its members are so numerous that it is impractical to bring them all before the court, G.S. 1-70, and provisions of this statute are controlling and preclude an association from suing in its common name on a cause of action unrelated to insurance.

DEVIN, J., dissenting.

ERVIN, J., concurs in dissent.

PETITION by defendants, appellees, to rehear the case reported *ante*, 252, 59 S.E. 2d 829, where the facts as shown in the record on appeal are stated.

*Elledge & Browder and Eugene H. Phillips for plaintiff.*
*Ingle, Rucker & Ingle for petitioners.*

WINBORNE, J.   The ground on which the petition to rehear, now in hand, is based is that, in passing upon the question as to whether plaintiff has the legal capacity to sue in this action, the provisions of G.S. 1-70 were not taken into consideration, and that the conclusion reached was made to rest upon statutes which are not pertinent.   It is contended, and we think properly so, that the provisions of G.S. 1-70 are pertinent to and determinative of the question.

It is well settled that at common law an unincorporated association was not recognized as having legal entity, and could not sue or be sued in the association name.   The common law required the action to be brought by or against the members composing the association.   In this State, so much of the common law as has not been abrogated or repealed by statute is in full force and effect.   G.S. 4-1, formerly C.S. 970.   *Scholtens v. Scholtens,* 230 N.C. 149, 52 S.E. 2d 350, and cases there cited.

And in this State the statute on civil procedure, Chapter 1 of the General Statutes, provides that every action must be prosecuted in the name of the real party in interest, G.S. 1-57; and that all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, either jointly, severally, or in the alternative, except as otherwise provided, G.S. 1-68.

And G.S. 1-70, as now constituted, a consolidation of what was formerly C.S. 457, and an act amendatory thereof, Chapter 182 of Public Laws of 1933, relates to "Joinder of Parties"; and to "Actions by or against one for the benefit of a class."   In pertinent part C.S. 457 reads as follows: "Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants," and "When the question is one of common or general interest of many persons, or where the parties are so numerous that it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

The 1933 Act amended C.S. 457 "by adding another section thereto as follows: Any and/or all unincorporated, beneficial organizations, fraternal benefit orders, associations and/or societies, or voluntary fraternal beneficial organizations, orders, associations and/or societies issuing certificates and/or policies of insurance, foreign or domestic, now or hereafter doing business in this State, shall have the power to sue and/or be sued in the name commonly known and/or used by them in the conduct of their business to the same extent as any other legal entity established by law, and without naming any of the individual members composing it: Provided, however, this act shall apply only in actions concerning such certificates and/or policies of insurance."

Thus it is clear that the General Assembly has, by the provisions of G.S. 1-70 abrogated the common law in respect of the parties to an action at law to the extent, and only to the extent that (1) "when the question is one of common or general interest of many persons, or where the parties are so numerous that it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all"; and (2) when an unincorporated association of the kind or character enumerated, is engaged in issuing certificates and policies of insurance, or either, and doing business in this State, it may sue or be sued in any action concerning such certificates and policies, or either, without naming any of the individual members composing it.

In the present action, plaintiff alleges in its complaint that it is "an unincorporated fraternal organization or society," but there is no allegation, proof or suggestion that it is engaged in the business of issuing certificates and policies of insurance, or of either. Therefore, plaintiff, as an unincorporated fraternal association, may not, as such, maintain an action at law,—but the provisions of the statute are open to its members.

It is noted that the opinion reported *ante,* at 252, recognizes the uniform holding of the courts that following the rule of common law an unincorporated association does not have the capacity to sue, unless given that capacity by some pertinent statute. And the opinion points out, G.S. 1-97 (6), requiring certain unincorporated associations to appoint process agents, and G.S. 39-24 through G.S. 39-27, authorizing certain voluntary organizations and associations to acquire, hold and convey real estate, as grants of implied authority. It would seem, however, that the provisions of G.S. 1-70 bear directly and expressly upon the question presented, and are controlling.

Hence the petition is allowed, and the judgment from which appeal is taken is affirmed.

Petition allowed.

DEVIN, J., dissenting: I am unable to agree with the disposition made of this case. By the majority opinion on rehearing the decision heretofore rendered by this Court is overruled, and it is now held that the plaintiff, a fraternal association known as Ionic Lodge F. & A. A. M., be denied the right to go into court to assert its title to an interest in real property and for the rents thereof of which it is alleged it is being deprived by the wrongful acts of the defendants.

It is declared that the plaintiff association, the owner of real property lawfully acquired, has not capacity to sue to protect its rights therein, and the action it has instituted therefor is dismissed on that ground. With this I cannot agree. In my opinion, under the facts here alleged,

Ionic Lodge should not be denied capacity to present its plea for redress for wrongs done its property rights.

At common law an unincorporated association of persons was not recognized as having capacity to sue or be sued. It was a nonentity. Its members were regarded as acting only in the character of partners in whatever they undertook to do. *Tucker v. Eatough,* 186 N.C. 505, 120 S.E. 57; *Lodge v. Benevolent Association,* 231 N.C. 522, 58 S.E. 2d 109; *United Mine Workers v. Coronado,* 259 U.S. 344. But modern social and economic conditions presented a different picture. The fact that lodges, fraternal benefit societies, labor unions were entering into contracts and under well-known names acquiring and owning property and property rights of substantial value necessitated reconsideration of the status of such associations in courts of justice. Now, both by statute and by judicial decisions, the legal existence of such well-defined associations has been fully recognized and their rights to contract, to own and deal with property, real and personal, in the common name of the association has been established. We have emerged from the shadow of the common law into the light of reason and practical experience.

The existence of associations such as plaintiff as distinct entities has been recognized by statute in North Carolina, and the rights of these associations with respect to the acquisition, ownership and disposition of real property fully assured.

G.S. 39-24 provides that "voluntary organizations and associations organized for charitable, fraternal, religious or patriotic purposes . . . are hereby authorized and empowered to acquire real estate and to hold the same in their common or corporate names." G.S. 39-25 declares that real property which has been conveyed to such organization or association in the name by which it is commonly known "shall vest in said organization and may be conveyed by said organization in its common name . . . by deed."

By G.S. 1-97 (6) provision is made for service of process on "any unincorporated association or organization," and it is declared that service by the method prescribed "shall be legal and binding upon the association or organization," and any judgment rendered thereunder "may be collected out of any property belonging to the association or organization."

These statutes removed plaintiff association from the category of a nonentity, and recognized its right in its own name to acquire and own real property. These rights would be stripped of an essential value unless it be held that the powers expressly conferred were accompanied, by necessary implication, by the right to apply to the courts for redress for wrongful invasion of the rights thus conferred.

As result of the decision in this case a complainant can bring such an association into court and by judgment take away its property, but when the association's property has been wrongfully taken by another, it is powerless to come into court for redress. It should have the right to sue as well as be sued.

While the statutes quoted do not in direct language confer upon an association like the plaintiff the capacity to sue and be sued in its common name, the intent and effect cannot be mistaken. Recognition of such association as legal entities clothed with all the incidents of property ownership should be held to confer upon it as upon an individual who has been disseized the right to present to a court of justice its plea for redress. The statutory provision for service of process on an association in its common name, and upon which it may be sued in court, suggests the conclusion that it also may come into court voluntarily and be heard on its complaint. From an examination of these statutes I reach the conclusion that the legislative intent appears sufficiently manifest to justify this Court in declaring the law in accord with the implications necessarily flowing therefrom.

As the basis for rehearing it was argued that *Justice Seawell* in writing the former opinion overlooked G.S. 1-70. I doubt that. In his carefully prepared opinion it was said, "The plaintiff comes within the pale of recently enacted statutes vesting them with that capacity (to sue)." In any event I do not regard that statute as controlling the decision on the facts here made to appear. G.S. 1-70 requires that those who are "united in interest must be joined as plaintiffs, and where the parties are so numerous that it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." This statute, as result of subsequent amendment, further provides that an unincorporated fraternal benefit association "issuing certificate of insurance" shall have power to sue and be sued in its common name as any other legal entity established by law; "provided, however, this section shall apply only in actions concerning such certificates of insurance."

The plaintiff is not a fraternal benefit association "issuing certificates of insurance," and this action in no way relates thereto. Plaintiff is seeking to recover its right to an interest in real property of which it has been wrongfully deprived by the defendants. This section G.S. 1-70 is not comprehensive. It does not apply to suits against the plaintiff, nor should it be held to prohibit suits by the plaintiff. It applies by its terms to a particular business in which plaintiff is not engaged and with which it has no concern. I do not think this amendment to an older statute now codified as part of G.S. 1-70 was intended to shut the door of a court of justice in the face of an association which had been expressly authorized and empowered by statute to acquire and own real property

when it comes seeking redress for the wrongful deprivation of that property.

It will not do to say that if the parties are so numerous that it is impracticable to bring them all into court, one may sue for the benefit of all. The number of members of the lodge does not appear, but that is not material, as the beneficial ownership of the property involved vested in the lodge as such. Plaintiff Lodge is the real party in interest. The members as individuals do not own the property and are not the real parties in interest. It was alleged in the complaint that it was the intent of all parties "that the beneficial ownership of the property above described should, at all times, be held for the use of the plaintiff Lodge."

The views herein expressed are fortified by what was said by this Court in the recent case of *Lodge v. Benevolent Association,* 231 N.C. 522, 58 S.E. 2d 109. In that case the question here debated was not directly presented, but *Justice Ervin,* writing the opinion for the Court, called attention to the several statutes hereinbefore cited, and made this comment: "A thoughtful note in the North Carolina Law Review suggests that the last cited statute (G.S. 1-97 (6)) must be interpreted to render all unincorporated associations capable of suing and being sued in their own names in North Carolina courts. 25 N.C.L.R. 319." It will be observed in the article in the Law Review referred to that the author, after reviewing all these statutes, concluded that the principle of fairness dictated "if one had capacity to be sued, he must also have capacity to sue in the same manner."

In my judgment the petition to rehear should have been dismissed.

I am authorized to say that *Justice Ervin* concurs in this opinion.