CHARLES TAYLOR v. KINSTON FREE PRESS COMPANY, INC., AND
RALPH L. SHELL.

(Filed 15 April, 1953.)

**1. Torts § 6—**

The intent and purpose of G.S. 1-240 is to permit a defendant who has
been sued in a tort action to bring into the action, for the purpose of
enforcing contribution, every tort-feasor against whom the plaintiff could
have originally brought suit in the same action.

**2. Libel and Slander §§ 1, 9: Torts § 4—**

Libel is a tort, and therefore all those who join in the publication of a
false and malicious defamation in writing as composer and publisher are
joint tort-feasors within the purview of G.S. 1-240.

**3. Libel and Slander § 9: Torts § 6—**

Where plaintiff sues a newspaper alone for alleged libel, the newspaper,
upon allegations that an individual composed the libelous matter and had
it published as a paid advertisement, is entitled to have such individual
joined as a joint tort-feasor for the purpose of contribution under G.S.
1-240, and such individual's demurrer to the cross-action of the newspaper
against him is properly overruled.

**4. Appeal and Error § 37: Pleadings § 16—**

On appeal from the denial of one defendant's demurrer to the cross-
action of his codefendant, the plaintiff is not a party to the appeal, and the
complaint is not subject to demurrer *ore tenus* in the Supreme Court.

APPEAL by defendant Shell from *Crisp, Special Judge,* September
Term, 1952, of LENOIR.    Affirmed.

Action to recover damages for libel.

Plaintiff instituted action against the corporation publishing the news-
paper known as "Kinston Daily Free Press," alleging the malicious pub-
lication in said newspaper of an article containing false and defamatory
matter injuriously affecting him in his profession and practice as an
attorney at law.    It was alleged that after due notice as required by G.S.
99-1 the defendant Free Press Company refused to retract.

The article complained of is set out at length in the complaint but need
not here be restated except to say that it purported to be "an open state-
ment to the City of Kinston and its environs" and signed by Dr. Ralph
L. Shell.

For answer the defendant Free Press Company admitted the publica-
tion complained of, and that it declined to retract; that it published the
article for Dr. Shell as a paid advertisement at regular rates without
malice and in good faith relying on the truthfulness of the statements
therein contained, and defendant pleaded the truth thereof as a defense.

For a further defense and cross-action against Dr. Shell the defendant Free Press Company alleged that the article complained of was prepared by Dr. Shell, and delivered to defendant Company with instructions to publish it in the *Kinston Daily Free Press* at advertising rates which were paid; that defendant Company relying on the representations of Dr. Shell as to the truthfulness of the matter, at his instance, published it; that if the article contained false and libelous statements concerning the plaintiff, and the plaintiff sustained damage therefrom, Dr. Shell is jointly liable therefor. Defendant Free Press Company further alleges that Dr. Shell is primarily liable for any and all damage which the plaintiff may recover, and asks that Dr. Shell be made party defendant to the end that he be required to pay all such damages as may be recovered by the plaintiff in this action.

Upon motion of the defendant Free Press Company Dr. Ralph L. Shell was by order made party defendant and served with process.

Thereafter defendant Shell demurred to the cross-complaint of defendant Free Press Company on the ground that it did not state a cause of action against defendant Shell, for that there is no right of contribution, or primary or secondary liability as between the defendant Free Press Company and defendant Shell.

The demurrer was overruled and defendant Shell appealed.

*Whitaker & Jeffress, Lassiter, Leager & Walker for defendant, Kinston Free Press Company, Inc., appellee.*

*Jones, Reed & Griffin for defendant, Ralph L. Shell, appellant.*

DEVIN, C. J. The only question presented by this appeal is the correctness of the decision of Judge Crisp in overruling the demurrer of defendant Shell to the cross-action of defendant Free Press Company. The demurrer was based upon the ground that there was no right to contribution as between these defendants growing out of the cause of action alleged in the complaint, and that no question of primary and secondary liability could be raised.

It is well settled that all who take part in the publication of a libel or who procure or command libelous matter to be published may be sued by the person defamed either jointly or severally. Odgers on Libel and Slander, pg. 171; Newell on Slander and Libel, pg. 237; 1 Cooley on Torts, pg. 273; 33 A.J. 186; *Gattis v. Kilgo,* 128 N.C. 402, 38 S.E. 931; *Lewis v. Carr,* 178 N.C. 578, 101 S.E. 97; *Tucker v. Eatough,* 186 N.C. 505, 120 S.E. 57; *Flake v. News Co.,* 212 N.C. 780, 195 S.E. 55; *Godfrey v. Power Co.,* 223 N.C. 647, 27 S.E. 2d 736; *Connelly v. State Co.,* 152 S.C. 1, 149 S.E. 266.

In *Tucker v. Eatough, supra,* where an individual and an unincorporated labor union were sued for libel, it was held the labor union as such could not be sued, but *Chief Justice Clark* observed: "The defendant Eatough is liable for any libel that he may be proven to have issued, and any individuals or corporations who aided and abetted him in issuing a libel can be made parties defendant."

In our case the plaintiff has sued only the Publishing Company. But the Publishing Company has by proper procedure sought to avail itself of the provisions of G.S. 1-240, and to bring into the action the person who prepared the article complained of and procured its publication for the purpose of enforcing contribution against him as joint tort-feasor in the event the plaintiff should recover. The demurrer admits the facts pleaded but denies their sufficiency to entitle the defendant Free Press Company to this relief.

The intent and purpose of G.S. 1-240 is to permit a defendant who has been sued in a tort action to bring into the action, for the purpose of enforcing contribution, every tort-feasor against whom the plaintiff could have originally brought suit in the same action. *Wilson v. Massagee,* 224 N.C. 705, 32 S.E. 2d 335; *Read v. Roofing Co.,* 234 N.C. 273, 66 S.E. 2d 821.

That the publication of a libel causing injury to the person defamed is a civil wrong and is embraced within the category of torts may not be gainsaid, and it follows that all those who join in the publication of a false and malicious defamation in writing as composer and publisher must be regarded in law as joint tort-feasors within the purview of the statute.

It follows that on the allegations in the cross-complaint of defendant Free Press Company the defendant Shell was properly made party defendant, and that the demurrer of defendant Shell on the ground that the cross-complaint was insufficient to support the contingent plea for contribution under the statute was properly overruled. We have examined the cases cited by appellant and none of them militate against the conclusion here reached.

This disposition of the appeal renders it unnecessary to determine at this stage of the action questions of primary and secondary liability between the defendants in case of recovery by the plaintiff.

The plaintiff Taylor was not a party to this appeal. The sufficiency of his complaint is not challenged on this record. It is not subject to demurrer *ore tenus* in this Court on this appeal.

The judgment overruling the demurrer of the defendant Shell is
Affirmed.