## CHARLES MILLER v. WALTER L. JONES AND WIFE, ANNIE C. JONES.

### (Filed 23 November, 1966.)

**1. Pleadings § 18—**

Demurrer will not lie for misjoinder of parties alone, even in those instances when such defect appears on the face of the complaint itself, since such misjoinder is not fatal and may be cured by the withdrawal of a plaintiff or the dismissal of a defendant, as the case may be.

**2. Husband and Wife § 6—**

In an action for assault committed by husband and wife, it will not be assumed upon demurrer that the wife cannot be held civilly liable unless it positively appears from the facts alleged in the complaint that she· was acting under coercion from the husband.

**3. Appeal and Error § 3—**

Order overruling demurrer for misjoinder of parties alone is not immediately appealable but may be reviewed only by *certiorari.* Rule of Practice in the Supreme Court No. 4(a).

APPEAL by defendants from *Latham, S.J.,* July-August Civil Session of RANDOLPH.

Appeal from an order overruling a demurrer.

Plaintiff, in his complaint, alleges these facts: He is a seventh-grade schoolteacher in the Randleman Public Schools. Defendants, husband and wife, maliciously conspired and agreed with each other to assault plaintiff. In furtherance of their joint plan and agreement, on the morning of April 26, 1966, they went to plaintiff's classroom, where he was "standing before his class." Defendant husband requested him to come into the hall for a conference. Complying with that request, plaintiff stepped into the hall, where defendant husband immediately struck him in the face and elsewhere with his fists, knocked him to the floor, and kicked him about the head and body with his shoe. Defendant wife, aiding and abetting her husband in the assault, had stationed herself at a turn in the hall in order to warn him in the event the school principal or some other person should approach. The assault upon plaintiff was made in full view of several of his students. It caused plaintiff bodily injury, severe physical pain, and much mental anguish. He further alleges that he is entitled to recover both actual and punitive damages from defendants jointly and severally.

Defendants demurred to the complaint for that: (a) there is a defect of parties; (b) no cause of action has been stated against defendants; (c) no cause of action has been stated against defendant wife; and (d) "there is a defect of parties and a misjoinder of parties." The court overruled the demurrer and allowed defendants 30 days in which to answer. Defendants gave notice of appeal.

MILLER *v.* JONES.

*Coltrane and Gavin for plaintiff.*
*Seawell & Seawell & Van Camp for defendant.*

PER CURIAM. A defect of parties occurs when there has been a failure to join either a plaintiff or a defendant whose presence in the suit is necessary to give the court jurisdiction and authority to decide the controversy. When such a defect appears from the complaint itself, it is a ground for demurrer, G.S. 1-127(4), and a fatal defect unless the necessary party is brought in under G.S. 1-73. A superfluity of parties is not a defect of parties; it is a harmless surplusage which is no ground for demurrer. ("A 'defect of parties' applies to necessary parties, and not to unnecessary ones." *Shuford v. Yarborough,* 197 N.C. 150, 151, 147 S.E. 824.) A misjoinder of parties, standing alone, is likewise not a ground for demurrer. Such a misjoinder may be cured by the withdrawal of a plaintiff or the dismissal of a defendant, as the case may be. 1 McIntosh, North Carolina Practice and Procedure § 641 (2d Ed. 1956); Brandis, Permissive Joinder of Parties, 25 N.C.L. Rev. 1, 6 (1946). See also *Tucker v. Eatough,* 186 N.C. 505, 120 S.E. 57.

Obviously, there is no defect of parties in this action. Plaintiff has made parties defendant the only two people involved who could be defendants. Were we to assume that the *femme* defendant is not subject to suit upon the facts alleged in the complaint because — as defendants contend — she is not civilly responsible for uniting with her husband in committing a tort, her joinder would be merely surplusage and no grounds for demurrer. We consider it appropriate to say, however, that we make no such assumption with reference to the *femme* defendant's nonliability. 41 C.J.S., Husband and Wife § 219, p. 711 (1944); 27 Am. Jur., Husband and Wife § 480 (1940); Annot., Liability of wife for husband's torts, 12 A.L.R. 1459, 1480. See also *Burnett v. Nicholson,* 86 N.C. 99, and the comments of Clark, C.J., in his concurring opinion in *Young v. Newsome,* 180 N.C. 315, 316, 104 S.E. 660, 661.

Defendants' appeal has no worth either in substantive or adjective law; it is totally without merit. The Supreme Court will not entertain an appeal from an order overruling a demurrer except when the demurrer is interposed as a matter of right for misjoinder of parties and causes of action. Rulings based upon other grounds will be reviewed only upon a writ of *certiorari.* Rules of Practice in the Supreme Court of North Carolina 4(a).

Appeal dismissed.