RALEIGH SWIMMING POOL COMPANY v. WAKE FOREST
COUNTRY CLUB

No. 7110DC454

(Filed 14 July 1971)

Corporations § 26— suspension of articles of incorporation — standing to
    maintain action

    A corporation whose articles of incorporation were suspended for
failure to pay taxes had standing to maintain an action to recover the
amount due on a contract. G.S. 105-230; G.S. 105-231; G.S. 55-114(a)
and (b).

APPEAL by plaintiff from *Preston, District Judge,* 26 April
1971 Session, WAKE District Court.

Plaintiff instituted this action on 16 October 1970 to re-
cover $5,000 allegedly due on a contract entered into between
the parties on 28 February 1967. When the case was called for
trial on 27 April 1971, defendant orally moved to dismiss plain-
tiff's action on the ground that plaintiff had no legal capacity
to sue for that its articles of incorporation had been suspended
pursuant to G.S. 105-230 and had not been reinstated. The
record discloses a certificate from the Secretary of State dated
26 April 1971 certifying that plaintiff's articles of incorpora-
tion were suspended on 21 September 1970 pursuant to G.S.
105-230 upon certification by the Commissioner of Revenue
that plaintiff had failed or neglected to make reports or to pay
taxes required by the Revenue Act.

Defendant's motion was allowed and from judgment dis-
missing the action, plaintiff appealed.

*Dan Lynn and Vaughan S. Winborne for plaintiff appellant.*

*Ellis Nassif for defendant appellee.*

BRITT, Judge.

In defending the judgment appealed from, defendant con-
tends G.S. 105-230 and G.S. 105-231 clearly provide that when
articles of incorporation are suspended pursuant to G.S. 105-
230, "all the powers, privileges, and franchises conferred upon"
the corporation cease and determine; and "any corporate
act performed or attempted to be performed during the period
of such suspension shall be invalid and of no effect."

Plaintiff contends that by virtue of other statutes, particularly G.S. 55-114, and more particularly subsection (b) thereof, and decisions of the Supreme Court, that the judgment was erroneous and that plaintiff does have standing to prosecute this action. We agree with plaintiff's contention.

G.S. 55-114(a) sets forth four ways in which a corporation may be dissolved. Subsection (4) provides as follows: "By suspension of its charter under the provisions of G.S. 105-230 when the time within which the corporation's rights might be restored under G.S. 105-232 has expired; however, the provisions for liquidation of corporate assets in such cases shall be those provided in G.S. 105-232 instead of those provided in this chapter."

G.S. 55-114(b) provides in pertinent part as follows: "A dissolved corporation, however dissolved, nevertheless continues to exist for the purpose of winding up its affairs, *prosecuting and defending actions by or against it,* and enabling it to collect and discharge obligations, dispose of and convey its property, and collect and distribute its assets, but not for the purpose of continuing business except so far as necessary for winding up its affairs or except where G.S. 55-115 applies." (Emphasis ours.)

It would appear that when a corporation's charter is suspended pursuant to G.S. 105-230, the same may be reinstated within five years upon payment of fees and taxes due the Revenue Department; and that if the charter is not so reinstated within five years, then liquidation of corporate assets would be as provided in G.S. 105-232 rather than G.S. 55-114 *et seq.* Inasmuch as plaintiff's charter was suspended on 21 September 1970, we hold that G.S. 55-114(b) applies and that plaintiff corporation is authorized to prosecute and defend actions by or against it and to collect and discharge obligations.

Our holding finds support in *Ionic Lodge v. Masons,* 232 N.C. 252, 59 S.E. 2d 829 (1950) where, in an opinion by Seawell, J., it is said: " * * * by a fair interpretation of the statute, while depriving the corporation of the power to engage in the ordinary business for which it has been chartered, it has not taken away from it the incidental powers necessary to its survival; the power to protect its property in a court of law, either by assertion or defense of right." Although the cited

case was reversed on rehearing (232 N.C. 648, 62 S.E. 2d 73), the reversal was on other grounds not pertinent to this appeal. See also *Trust Company v. School for Boys*, 229 N.C. 738, 51 S.E. 2d 477 (1948) ; also *Mica Industries, Inc. v. Penland*, 249 N.C. 602, 107 S.E. 2d 120 (1959).

For the reasons stated, the judgment appealed from is

Reversed.

Judges MORRIS and PARKER concur.