GLENNIE E. PARKER v. LIFE HOMES, INC., AND GORDON B. KELLEY AND UNIVERSITY REALTY CO., INC.

No. 7410SC496

(Filed 3 July 1974)

Corporations §§ 1, 28; Mortgages and Deeds of Trust § 40— purchase at foreclosure — corporation whose charter revoked — conveyance to innocent purchaser

A corporation's purchase of property at a foreclosure sale could not be set aside on the ground that the corporation's charter had been suspended for failure to file tax returns where the corporation conveyed the property to an innocent purchaser.

ON *certiorari* to review trial before *Hobgood, Judge,* 29 October 1973 Session of Superior Court held in WAKE County.

This is an action to set aside a trustee's deed. On 24 May 1968 plaintiff purchased a tract of land in Raleigh from Nita Freeman Hill and husband, Claude H. Hill. She made a note to the Hills for $500.00 and executed a deed of trust to A. A. McMillan, Trustee, as security for the payment of the note. Subsequently, defendant Kelley was substituted as trustee in place of A. A. McMillan. Plaintiff defaulted in her payments on the note, and the deed of trust was foreclosed. Defendant Life Homes, Inc. purchased the property at the foreclosure sale, and on 23 August 1971, defendant Kelley, as substitute trustee, executed a trustee's deed conveying the property to Life Homes. Two days later Life Homes conveyed the property to defendant University Realty Company, Inc.

On 2 September 1969, prior to the foreclosure sale, the Secretary of State suspended the charter of Life Homes, Inc., for failure to file certain tax returns. The charter was not reinstated until 4 November 1971. No evidence was offered tending to show that when University Realty purchased the property from Life Homes, any of its agents or officers knew that Life Homes' charter had been suspended.

Plaintiff brought this action to set aside the trustee's deed conveying the property to Life Homes. The Superior Court entered judgment for defendants, and plaintiff appealed to this Court.

*Earle R. Purser for plaintiff appellant.*

*Carl E. Gaddy, Jr., for defendant appellees.*

BALEY, Judge.

G.S. 105-230 provides that when a corporation fails to file any tax return or pay any tax, the Secretary of State must suspend its charter for five years. When the corporation's charter is suspended, "all the powers, privileges and franchises conferred upon such corporation . . . shall cease and determine." Under G.S. 105-231, if a corporation exercises or attempts to exercise its powers after its charter is suspended, it may be held liable for a penalty of at least $100.00 but not more than $1,000.00. The individuals who exercise or attempt to exercise the corporation's powers may be fined a similar amount.

Plaintiff contends that since Life Homes' charter had been suspended, it had no power to purchase property at a foreclosure sale. Therefore, she argues, the trustee's deed to Life Homes was void, and she can still have the deed of trust canceled and obtain title to the property by paying off her $500.00 debt.

The courts of North Carolina have held in a number of cases that a corporation whose charter has been suspended is not required "to remain completely dormant for five years." Robinson, N. C. Corp. Law, § 223, at 558. Such a corporation may bring an action in court. *Mica Industries v. Penland,* 249 N.C. 602, 107 S.E. 2d 120; *Swimming Pool Co. v. Country Club,* 11 N.C. App. 715, 182 S.E. 2d 273. It may defend an action brought against it. *Ionic Lodge v. Masons,* 232 N.C. 252, 59 S.E. 2d 829, *rev'd on rehearing on other grounds,* 232 N.C. 648, 62 S.E. 2d 73; *Trust Co. v. School for Boys,* 229 N.C. 738, 51 S.E. 2d 477. It may take property under a will. *Trust Co. v. School for Boys, supra.*

*Page v. Miller* and *Page v. Hynds,* 252 N.C. 23, 113 S.E. 2d 52, is a case that in many ways resembles the present case. In *Page* a corporation was the high bidder at a foreclosure sale. After the sale, but before the corporation paid for the property or received a trustee's deed, the Secretary of State suspended the corporation's charter. The corporation then assigned its bid to Henderson County. The Supreme Court stated that the assignment was effective and Henderson County was entitled to the property. At least when the rights of third parties are involved, the Court held that a corporation whose charter has been suspended has the *power* to assign a bid, regardless of whether the exercise of that power subjects the corporation to a penalty under G.S. 105-231. "The statute was not intended to deprive a corporation of its properties nor to penalize innocent parties." *Page v. Miller* and *Page v. Hynds, supra* at 26, 113 S.E. 2d at 55.

In the present case, likewise, Life Homes had the *power* to purchase plaintiff's property and sell it to University Realty. If transactions such as this were held entirely ineffective and void, then no one could safely purchase property from a corporation without first examining the public records to determine whether the corporation's charter had been suspended. Such a heavy burden should not be imposed upon innocent purchasers. Whether Life Homes and its officers are subject to penalties under G.S. 105-231, and whether the purchase by Life Homes

at the foreclosure sale could have been set aside if it had not subsequently conveyed the property to a third party, are questions that need not be decided on this appeal.

The trustee's deed to Life Homes, and Life Homes' deed to University Realty, were valid. University Realty is the owner of the property at issue in this case, and plaintiff no longer has any interest in it. The judgment of the Superior Court was correct and is affirmed.

Affirmed.

Judges MORRIS and HEDRICK concur.