REVENUE AND TAXATION
A printed newspaper advertising supplement, which is incorporated into and distributed with a newspaper, whether printed by that newspaper or by an independent printing contractor, is an integral part of the newspaper advertising space and therefore exempt from the sales tax imposed by the State of Oklahoma under the statutory exemption contained in 68 O.S. 1305 [68-1305](n) (1975). The Attorney General has considered your request for an opinion, in which you ask the following question: "Whether a preprinted newspaper advertising supplement, whether printed by the newspaper in which it appears or printed by another printing source, which is incorporated into and distributed with the newspaper, is an integral part of the newspaper advertising, and therefore exempt from the State of Oklahoma Sales Tax under the statutory exemption for newspaper advertising contained in 68 O.S. 1305 [68-1305](n) (1975)?" You indicate that there is no tax question where the advertising supplement is printed by the newspaper in which it is to appear, or where the newspaper advertising supplement is printed by another printing source under contract with the newspaper in which it is to appear. The question seems to arise when the advertiser contracts with an independent printing source to print the advertising supplement, and then that supplement is either picked up by or delivered to the newspaper in which it is intended to be inserted. In our review of the case decisions and administrative decisions, it appears that the question has uniformly been answered in the affirmative. That is, a preprinted newspaper advertising supplement, which is incorporated into and distributed with a newspaper, whether printed by that newspaper or another printing source, forms an integral part of the newspaper's advertising and therefore comes under the usual exemption granted from the imposition of a sales tax because it constitutes the sale of advertising space. The usual questions asked in the case decisions, to determine whether the advertising supplement forms a part of the advertising space in the newspaper in which it appears, are as follows: (1) Whether the supplement is prepared solely for publication and distribution with the newspaper according to the specifications of the newspaper publishers; (3) Whether the advertising supplement carries the newspaper masthead; (3) Whether the supplement is assembled therein, published and distributed with the newspaper to regular subscribers; and (4) Whether the supplement is intended to have no separate existence or use apart from the newspaper. It is universally accepted that advertising in a newspaper is part and parcel of the newspaper in which it appears. 58 Am.Jur.2d, Newspapers, 4 (1971); 66 C.J.S. Newspapers, 1 (1950). This is made evident by the liability imposed on newspapers for defamatory matter appearing in its advertising. See Taylor v. Kingston Free Press Company, 75 S.E.2d 528 (1953). By ordinary definition, a supplement to a thing is: "Something that supplies a want or makes an addition; some thing that completes, adds a finishing touch." Webster's Third New International Dictionary, 2297 (1976). The United States Postal Service recognizes advertising supplements as an integral part of a newspaper for the purpose of second class mailing privileges for newspapers. 39 U.S.C. § 4354, 4366 (1970) . A case involving very much the same issue as the question presented by you is the case of Sears, Roebuck and Company v. State Tax Commission, 345 N.E.2d 893 (Mass. 1976). The Supreme Judicial Court of Massachusetts rejected the contention of the State Tax Commission that advertising supplements, purchased by Sears from an out-of-state commercial printer and shipped directly to the newspapers for insertion in the various editions, had an existence apart from their character as sections of the newspaper. In so ruling, the Court stated: "The sales in question in the present case are claimed to be sales of the advertising supplements by the printers to the retail taxpayers. "Assuming, without deciding, that there were such sales and subsequent use, we think the sales were sales of 'newspapers' under (the statute) and that the subsequent use was exempt from use tax. . . ." The State of Massachusetts has also held in favor of the retail taxpayers in the case of Sears, Roebuck and Company v. State Tax Commission, 2 Mass.Tax.Cas. 200-459, as follows: "The purchase of advertising supplements by a retailer from a commercial printer for insertion into a newspaper is exempt from use tax. The supplement is considered a 'newspaper', the sale of which is exempt from tax, even though it was not printed by a newspaper publisher." The State of Minnesota, through its Tax Court, in the case of United Hardware and Distributing Company v. The Commission of Revenue, Docket No. 2469, Order dated July 18, 1978, held as follows: "The issue is whether sales of printed advertising circular by appellant to its member retail hardware dealers are exempt from the sales tax under Minnesota Statute 297A25, Sub. (L1), which exempts any publication regularly issued at average intervals not exceeding three months . . . "The Commissioner of Revenue assessed a sales tax only on sales of circulars to dealers located within the State of Minnesota. He concedes that sales of circulars which are distributed as supplements or enclosures with or as a part of a legal newspaper, as that term is defined by Minnesota Statute 3310.02, are exempt from the sales and use tax." In the State of Maryland, the Comptroller of the Treasury, has issued his opinion, which states: "The advertising circulars that are inserted in, and become a part of, a newspaper, are exempt. Those circulars that do not become a part of a newspaper are subject to the tax. Your client, the commercial printer, may accept a resale certificate from his customer for the circulars that are inserted and become a part of a newspaper." It is, therefore, the opinion of the Attorney General that your question be answered as follows: A printed newspaper advertising supplement, which is incorporated into and distributed with a newspaper, whether printed by that newspaper or by an independent printing contractor, is an integral part of the newspaper advertising space and therefore exempt from the sales tax imposed by the State of Oklahoma under the statutory exemption contained in 68 O.S. 1305 [68-1305](n) (1975). (PAUL C. DUNCAN) (ksg)